IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY JOHN DAVID GEORGE, JR.,**

    **Plaintiff,**

    v.                              CASE NO. 25-3173-JWL

**SALINE COUNTY JAIL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 29, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 7). The Court's screening standards are set forth in the MOSC.

Plaintiff alleges that inmates in segregation lockdown are entitled to one hour of out-of-cell time every 24 hours. (Doc. 1, at 2.) Plaintiff alleges that he was offered his one hour out on August 1, 2025, at approximately 9:10 am, and was not offered another hour out of his cell until approximately 8:30 pm on August 2, 2025. *Id*. Plaintiff alleges that this left him locked down for 35 hours and 20 minutes, without being offered out-of-cell time. *Id*.

Plaintiff's Complaint contains a single count, which states as Count I "Saline County be fined and Plaintiff be granted $5,000 for pain and suffering." *Id*. at 3. Plaintiff names the SCJ and the Saline County Sheriff's Office as the only defendants.

Plaintiff alleges that on one occasion at the SCJ he had to wait 35 hours and 20 minutes to receive his one hour of out-of-cell time. The Court found in the MOSC that Plaintiffs' allegations

fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court also found that Plaintiff failed to allege deliberate indifference by any defendant.

The Court also found in the MOSC that Plaintiff failed to name a proper defendant, and the failure to allege a physical injury bars Plaintiff from receiving compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

In his response, Plaintiff argues that he was offered an hour of out-of-cell time on August 1, 2025, at 9:10 am, but did not receive his next hour of out-of-cell time until Augst 2, at 8:30 pm. (Doc. 7, at 1.) He argues that other inmates received their second hour of out-of-cell time before he received his second hour. *Id*.

The Court found in the MOSC that because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations

omitted).  Plaintiff has failed to show good cause why his claim should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 2, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE